IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| DARYL L. LETT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:17-cv-127-MHT |
| | ) | [WO] |
| DIANE JORDAN, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, an inmate incarcerated at the Covington County Jail in Andalusia, Alabama, files this 42 U.S.C. § 1983 action against Opp Municipal Court Judge Ronald Penn, Municipal Court Clerk Diane Jordan, and Municipal Court Prosecutor Larry Grissett. He seeks to challenge the constitutionality of his municipal court proceedings for a misdemeanor criminal offense. Plaintiff requests damages and his release from incarceration. Upon review, the court concludes that dismissal of this case prior to service of process is appropriate under 28 U.S.C. § 1915(e)(2)(B).[1]

**I. DISCUSSION**

Plaintiff states he had a trial scheduled for October 4, 2016, on two charges of public intoxication. He complains, however, that he had no trial and instead was sentenced to two consecutive six months sentences and placed in the county jail. Plaintiff believes the sentence imposed is outside the guideline range. Finally, Plaintiff alleges his paperwork was falsified because "the dates don't match up." Doc. 1, Attachment 1.

---

[1] The court granted Plaintiff's request for leave to proceed *in forma pauperis*. Doc. 3. A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

**A. Judge Penn**

    **1. Damages**.

Plaintiff asserts claims against Judge Penn which emanate from actions taken by him in his judicial capacity during municipal court proceedings over which he had jurisdiction. "Judges have absolute immunity from civil actions for the performance of judicial acts as long as they are not done in the clear absence of jurisdiction." *See Jenkins v. Clerk of Court*, 150 Fed. Appx. 988, 990 (11th Cir. 2005) (*citing Roland v. Phillips*, 19 F.3d 552, 555 (11th Cir. 1994)). A municipal court judge is, thus, entitled to absolute immunity from damages for actions taken in his official capacity, even when his actions are allegedly erroneous, malicious, or in excess of his jurisdiction. *Stump v. Sparkman*, 435 U.S. 349 (1978); *Wuyisa v. City of Miami Beach*, 614 Fed. Appx. 389, 391 (11th Cir. 2015) (*citing Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000)).

The court has reviewed Plaintiff's allegations against Judge Penn and find they do not compel the conclusion that this defendant acted in clear absence of jurisdiction. Accordingly, Plaintiff's claim for monetary damages against Judge Penn is "based on an indisputably meritless legal theory" and is, therefore, subject to dismissal under 28 U.S.C. § 1915(e)(2)(B)(i) and (iii). *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

    **2. Declaratory and/or Injunctive Relief**

        a. **Non-Final Orders**. Plaintiff's allegations against Judge Penn concern rulings and/or decisions he made in his judicial capacity during municipal court proceedings over which he had jurisdiction. To the extent Plaintiff seeks relief from adverse decisions issued by Judge Penn which are not yet final, he is not entitled to relief from this court on such claims as there is an adequate remedy at law. *Bolin v. Story*, 225 F.3d 1234, 1242 (11th Cir. 2000) ("In order to receive declaratory or injunctive relief, plaintiff[] must establish that there was a [constitutional] violation,

that there is a serious risk of continuing irreparable injury if the relief is not granted, and the absence of an adequate remedy at law."). Specifically, Plaintiff could appeal orders issued by the state court to the appropriate higher state court. Since state law provides an adequate remedy for Plaintiff to challenge non-final orders, Plaintiff is "not entitled to declaratory or injunctive relief in this case." *Id*. at 1243.

  b. **Final Orders**. With respect to the claims presented by Plaintiff challenging the constitutionality of orders issued by Judge Penn which have become final in accordance with state law, this court lacks jurisdiction to render such judgment in an action filed pursuant to 42 U.S.C. § 1983. "The *Rooker-Feldman* doctrine prevents ... lower federal courts from exercising jurisdiction over cases brought by 'state-court losers' challenging 'state-court judgments rendered before the district court proceedings commenced.' *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 284, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005)." *Lance v. Dennis*, 546 U.S. 459, 460, 126 S.Ct. 1198, 1199 (2006). Although "*Rooker-Feldman* is a narrow doctrine," it remains applicable to bar Plaintiff from proceeding before this court as this case, with respect to any claims challenging final orders issued by a state court, is " 'brought by [a] state-court loser[] complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.' 544 U.S. at 284, 125 S.Ct. [at] 1517." *Lance*, 546 U.S. at 464, 125 S.Ct. at 1201; *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486 (1983) (federal district courts "do not have jurisdiction ... over challenges to state court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional."). Moreover, a § 1983 action is inappropriate either to compel or to appeal a particular course of action by a state court. *Datz v. Kilgore*, 51 F.3d 252, 254 (11th Cir. 1995) (§ 1983 suit arising

from alleged erroneous decisions of a state court is merely a prohibited appeal of the state court judgment); *see also Rolleston v. Eldridge*, 848 F.2d 163 (11th Cir. 1988).

In light of the foregoing, the court concludes that dismissal of the request for relief from final actions undertaken by Judge Penn during proceedings related to Plaintiff's municipal misdemeanor criminal case is appropriate under 28 U.S.C. § 1915(e)(2)(B)(i). *See Clark v. State of Georgia Pardons and Paroles Board*, 915 F.2d 636 (11th Cir. 1990); *see also Neitzke*, 490 U.S. at 327.

**B. Defendant Jordan**

Plaintiff names Opp Municipal Court Clerk Diane Jordan as a defendant. A review of the complaint reveals no specific allegations are made against this defendant. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (a complaint must contain sufficient factual allegations that, accepted as true, "state a claim to relief that is plausible on its face."). The court notes, however, that judicial immunity extends to a court clerk performing duties integrally related to the judicial process. *See Jenkins*, 150 Fed. Appx. at 990; *Scott v. Dixon*, 720 F.2d 1542 (11th Cir. 1983) (court clerk who acts pursuant to authority granted by state law and who acts on behalf of a court entitled to absolutely immune from damages liability when sued under § 1983 because she is performing a judicial function). *See also In re Sandra Tubbs v. City of Greensboro*, 948 So.2d 540 (Ala. 2006) (holding that absolute judicial immunity extends to municipal court clerks or magistrates). Accordingly, Plaintiff's complaint against Defendant Jordan is subject to dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii). *See Neitzke*, 490 U.S. at 327.

**C. Defendant Grissett**

Plaintiff names Opp Municipal Court prosecutor Larry Grissett as a defendant. "A prosecutor is entitled to absolute immunity for all actions he takes while performing his function

as an advocate for the government." *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993). "The prosecutorial function includes the initiation and pursuit of criminal prosecution, *Imbler v. Pachtman*, 424 U.S. 409, 424, 96 S.Ct. 984, 992, 47 L.Ed.2d 128 (1976), and all appearances before the court, including examining witnesses and presenting evidence. *See Burns v. Reed*, 500 U.S. 478, 492, 111 S.Ct. 1934, 1942 (1991)." *Rowe v. Fort Lauderdale*, 279 F.3d 1271, 1279 (11th Cir. 2002); *see also Mastroianni v. Bowers*, 60 F.3d 671, 676 (11th Cir. 1998). This immunity is applicable even where the prosecutor acts "maliciously, unreasonably, without probable cause, or even on the basis of false testimony or evidence." *Henry v. Farmer City State Bank*, 808 F.2d 1228, 1238 (7th Cir. 1986); *accord, Prince v. Wallace*, 568 F.2d 1176, 1178-79 (5th Cir. 1978).

To the extent Plaintiff's complaint against Defendant Grissett concerns actions which arise from this defendant's role "as an 'advocate' for the [city]," such actions are "intimately associated with the judicial phase of the criminal process." *Mastroianni*, 60 F.3d at 676 (citations omitted). Defendant Grissett is, therefore, "entitled to absolute immunity for that conduct." *Id*.  Moreover, as previously determined, Plaintiff is entitled to no declaratory or injunctive relief in this § 1983 complaint for any adverse action taken during the state court proceedings related to his misdemeanor criminal proceedings before the Opp Municipal Court. Thus, Plaintiff's complaint against Defendant Grissett is due to be dismissed under 28 U.S.C. § 1915(e)(2)(B)(i). *Neitzke*, 490 U.S. at 327.

**D.  The Challenge to Plaintiff's Conviction**

To the extent Plaintiff's claims attempt to challenge the validity of the misdemeanor criminal conviction entered against him by the Opp Municipal Court such claims may not proceed in a § 1983 action. Plaintiff's claims go to the fundamental legality of his confinement and provide no basis for relief at this time. *Edwards v. Balisok*, 520 U.S. 641, 646 (1997); *Heck v. Humphrey*,

512 U.S. 477, 486-87 (1994); *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

In *Heck*, the Supreme Court held that a claim for damages challenging the legality of a prisoner's conviction or confinement is not cognizable in a 42 U.S.C. § 1983 action "unless and until the [order requiring such confinement] is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus" and complaints containing such claims must therefore be dismissed. 512 U.S. at 489. The Court emphasized that "habeas corpus is the exclusive remedy for a [confined individual] who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983" and concluded that Heck's complaint was due to be dismissed as no cause of action existed under section 1983. *Id*. at 481. The Court rejected the lower court's reasoning that a section 1983 action should be construed as a habeas corpus action.

In *Balisok*, the Court further concluded that an inmate's "claim[s] for declaratory [and injunctive] relief and money damages, . . . that necessarily imply the invalidity of the punishment imposed, is not cognizable under § 1983 . . ." unless the inmate can demonstrate the challenged action has been invalidated. 520 U.S. at 648. The Court determined this is true not only when a prisoner challenges the judgment as a substantive matter but also when "the nature of the challenge to the procedures could be such as necessarily to imply the invalidity of the judgment." *Id*. at 645. When a prisoner challenges the legality or duration of his custody, or raises a constitutional challenge which could entitle him to an immediate or earlier release, his sole federal remedy is a writ of habeas corpus. *Id*. at 648; *see also Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005); *Preiser*, 411 U.S. at 489. The *Balisok* Court "reemphasize[d] that . . . a claim either is cognizable under § 1983 and should immediately go forward, or is not cognizable and should be dismissed." 520 U.S. at 649.

Plaintiff's claims represent a challenge to the constitutionality of his municipal court misdemeanor criminal conviction. A judgment for Plaintiff would imply the invalidity of this conviction. It is clear from the complaint that the conviction about which Plaintiff complains has not been invalidated in an appropriate proceeding. Consequently, the instant collateral attack on that conviction is prohibited as habeas corpus is the exclusive remedy for a state prisoner who challenges the validity of the fact or duration of his confinement. *Balisok*, 520 U.S. at 645-46; *Heck*, 512 U.S. at 487; *Preiser*, 411 U.S. at 488-490. Such attack is, therefore, subject to summary dismissal by this court under 28 U.S.C. § 1915(e)(2)(B)(ii).

## II. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. Plaintiff's complaint against Defendants Penn and Grissett be DISMISSED with prejudice under 28 U.S.C. § 1915(e)(2)(B)(i) & (iii);

2. Plaintiff's complaint against Defendant Jordan be DISMISSED without prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii);

3. To the extent Plaintiff's claims seek to challenge to the constitutionality of the conviction and sentence imposed upon him by the Opp Municipal Court, such claims be DISMISSED without prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii) as they are not properly before the court at this time;

4. This case be DISMISSED prior to service of process.

It is further ORDERED that **on or before April 7, 2017**, Plaintiff may file an objection to the Recommendation. Any objection filed must specifically identify the factual findings and legal conclusions in the Magistrate Judge's Recommendation to which Plaintiff objects. Frivolous, conclusive or general objections will not be considered by the District Court.

Failure to file a written objection to the proposed findings and recommendations in the

Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE on this 17th day of March 2017.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE